UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| WILLIAM SHANNON BALDRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 0: 13-103-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| CLIFFORD DUVALL, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

William Shannon Baldridge is an inmate confined at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky.[1] Proceeding without an attorney, Baldridge has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. [D. E. No. 1] The Court has granted Baldridge's motion to pay the filing fee in installments by prior order. [D. E. No. 4]

The Court must conduct a preliminary review of Baldridge's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[1] Baldridge was incarcerated at the Taylor County Detention Center when he filed this action, but has since been transferred to EKCC. *See* http://kool.corrections.ky.gov/KOOL/Details/7936 (last visited on December 18, 2013).

defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). The Court evaluates Baldridge's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

In his complaint, Baldridge alleges that after he was arrested on September 1, 2010, certain individuals "illegally broke into my business and stole my tools & supplies and equipment. They went to my home and stole my clothes, appliances, and furniture." [D. E. No. 1, p. 2] Baldridge indicated that a family member contacted the Flatwoods Police Department and advised them of the theft, and he advised the police that no one was authorized to remove his property except his sister and another woman. Baldridge alleges that police chief Tom Haynes told him that he would contact local prosecutors, but that the prosecutors have not charged any individual in relation to the theft. *Id.*, p. 3. Baldridge has sued Commonwealth's Attorney Clifford Duvall; Greenup County Assistant Prosecutor Melvin Leonhart; Greenup County Assistant Prosecutor Meridell Malone; and Flatwood Police Deputy Dane Smith. [D. E. No. 1, pp. 1-2] Baldridge seeks compensatory damages for the stolen items and requests that criminal charges be

brought against those persons who took his property and the police and prosecutors who did not charge them with crimes. *Id.* at 8.

Having reviewed the complaint, the Court concludes that Baldridge's claims must be dismissed as barred by the statute of limitations. Because 42 U.S.C. § 1983 does not include a statutory limitations period, federal courts apply the most analogous statute of limitations from the state where the events occurred. *Wilson v. Garcia*, 471 U.S. 261, 268-71 (1985). The events about which Baldridge complains occurred in Kentucky; therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003); *Collard v. Kentucky Board of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Baldridge's claims accrued when the conduct about which he complains – the failure of prosecutors to file charges regarding the theft – occurred shortly after September 2010. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996); *Kelly v. Burks*, 415 F.3d 558, 561 (6th Cir. 2005). Baldridge was therefore required to file suit on or about September 2011. Because he did not file the present action until July 24, 2013, nearly three years after the events complained of, his claims are time-barred, and must be dismissed. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall update the docket to reflect Baldridge's current address at the Eastern Kentucky Correctional Complex, 200 Road to Justice, West Liberty, Kentucky 41472.

2. Baldridge's complaint [D. E. No. 1] is **DISMISSED WITH PREJUDICE**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This the 6th day of January, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge